## STATE vs. GEORGE P. DOUGHERTY.

1. CRIMINAL LAW—QUESTIONS FOR JURY.

The jury are the exclusive judges of the credibility of witnesses and of the weight and value of their testimony.

2. CRIMINAL LAW—PROVINCE OF JURY—HARMONIZING CONFLICTING TESTIMONY.

Where the testimony is conflicting, the jury should endeavor to reconcile it, but, if they cannot do so, should accept that which they deem worthy of credit, and reject that which they deem unworthy of credit, taking into consideration all the testimony adduced, the circumstances surrounding the witnesses, their means of information and opportunity of knowing the facts, their interest or bias, if any, and their manner, apparent truthfulness, and fairness in testifying.

3. EMBEZZLEMENT—NATURE AND ELEMENTS.

The offense of "embezzlement" is purely statutory, is distinct from larceny, and consists in the unlawful, fraudulent misapplication by one person of another's property in his lawful possession, to his own use and benefit, thereby depriving the owner thereof without his consent; and hence, where one intrusted his property to the care and disposition of another, who, instead of applying it to the purpose for which he accepted it, fraudulently misapplied it, he was guilty of embezzlement.

4. EMBEZZLEMENT—NATURE AND ELEMENTS—"AGENT".

Regardless of any partnership or other relation between the parties, where a check is made and delivered to and accepted by a person for a special purpose, he is guilty of embezzlement if, instead of applying it to that purpose,

he applies only a part thereof and misapplies the balance, since to constitute the relation of "agent", within 16 *Del. Laws, c.* 153, § 1, defining "embezzlement" as the misapplication of any money, etc., by any cashier, servant, agent, etc., it is not necessary that there should be more than one act authorized, or more than one undertaking of a single transaction.

5. EMBEZZLEMENT—BURDEN OF PROOF.

On a trial for embezzling a check, intrusted to accused for a special purpose, it was necessary to show to the jury's satisfaction, beyond a reasonable doubt, that the prosecuting witness gave the check to accused for that special purpose, and that accused did not perform the duty reposed in him.

*(April 2, 1913.)*

Judges BOYCE and CONRAD sitting.

*Josiah O. Wolcott*, Attorney General, and *Armon D. Chaytor, Jr.*, Deputy Attorney General, for the state.

*Daniel O. Hastings*, *Richard S. Rodney* and *J. Frank Ball* for the defendant.

Court of General Sessions, New Castle County, March Term, 1913.

INDICTMENT FOR EMBEZZLEMENT (No. 28, May Term, 1912) of part of proceeds of a check alleged to have been delivered to the defendant by the prosecuting witness for the purpose of paying a printing bill authorized by the prosecuting witness.

The facts appear in the charge to the jury.

### PRAYERS OF STATE.

The court is requested to instruct the jury that there can be an agency for a particular purpose. *State v. Foster*, 1 *Penn.* 289.

That if the prosecuting witness gave the defendant the check to pay the printer, and he accepted the check for that purpose but applied it to another purpose, the jury should return a verdict of guilty.

The fact that the defendant had an interest in the profits arising from the sale of the book did not constitute him a partner to the extent that his misapplication of the check would relieve him from the charge of embezzlement.

That while partnership arrangements may exist between two persons, if there is an assumption of agency by one for the other

for some particular purpose outside of the partnership relations, the fact that the partnership existed would not protect the agent if he misapplied or misappropriated funds entrusted to and accepted by him for the particular transaction.

### DEFENDANT'S PRAYERS.

That the jury return a verdict of not guilty.

It is incumbent on the state to prove beyond reasonable doubt that the defendant, at the time the check was delivered or paid to him, was the agent of the prosecuting witness, for the particular purpose claimed, and that he agreed to perform the particular duty as her agent.

It is incumbent upon the state to prove every essential element of the crime charged.

In order to warrant a verdict of guilty, it is necessary that it should appear that the defendant was the agent of the prosecuting witness for a particular transaction, and that after the check or money actually came into his custody as such agent he unlawfully or fraudulently misapplied it.

A mere detention of the money by the defendant for a time might not warrant the inference that he misapplied it, or that he applied it to his own use fraudulently.

Fraudulent intent may be proved either by direct or indirect evidence; but where there is an attempt to prove such intent by circumstances, it must be so conclusively shown that the jury could draw no other inference from said circumstances.

If the jury believe from the evidence that a partnership existed between the prosecuting witness, and the defendant in the transaction complained of, then the jury must find a verdict of not guilty.

While a partnership is in existence there can be no conviction of embezzlement by one member of the money or other property of the firm.

BOYCE, J., charging the jury:

Gentlemen of the jury:—The indictment of George P. Dougherty, the accused, was found under *Section* 1, *Chapter* 153,

*Volume* 16, *Laws of Delaware, Revised Code*, 942, as amended, which provides "that every cashier, servant, agent, or clerk to any person, or to any body corporate, or being employed for the purpose, or in the capacity of a cashier, servant, agent, or clerk by any person or body corporate, who shall embezzle, fraudulently abstract, or misapply any money, goods, bill, note, bond, check, evidence of debt, or other valuable security, or effects, which, or any part whereof, shall be delivered to, or received, or taken into possession by him, or to which he has access for, or in the name, or on account, of his master, or employer, although such money, goods, bill, note, bond, check, evidence of debt, or other valuable security, or effects, was not received into the possession of such master, or employer, otherwise than by the actual possession of his cashier, servant, agent, clerk, or other person, so employed, shall be deemed guilty of a misdemeanor," etc.

The indictment contains two counts. By the first count it is averred, in substance, that the accused, on the twenty-eighth day of December, A. D. 1912, in this city, then and there being an agent of Florence R. Crumlish, the prosecuting witness, did, by virtue of his employment as agent, and whilst so employed as agent, receive from the prosecuting witness, for and in the name and on account of her, the prosecuting witness, a certain check made by her, on the Security Trust and Safe Deposit Company, payable to the accused or bearer for the sum of two hundred and eighty-eight dollars (said check being fully described in said indictment, and in evidence before you), which check, in the custody of the accused as such agent, he, the accused, unlawfully did misapply, against said act of assembly.

By the second count, it is substantially averred that the accused, at the time and place aforesaid, as agent as aforesaid, did receive certain money of the aggregate value of two hundred and eighty-eight dollars, lawful money of the United States of America, belonging to the prosecuting witness, for and in her name and on her account, which was at the said time and place in his custody as such agent and unlawfully did misapply.

It is not denied that the prosecuting witness had a contract with the Mercantile Printing Company for the printing of a cer-

Charge.

tain book, and that the accused had a contract with the prosecuting witness for the sale of said book. Both contracts are in evidence before you and we will leave you to examine the terms thereof. These contracts are not very material in themselves, except in so far as they throw light upon the relations of the parties, at and before the transaction of the check, concerning the use of which this prosecution has arisen.

The state claims that after the contract for the printing of the book had been entered into and before the publication had been completed, the accused represented to the prosecuting witness that he was about to make a trip West and that he desired to take a book or books with him for the purpose of effecting sales thereof, and requested her to raise sufficient money to pay the full contract price for printing the book and one or two half-tones, so that he could have the printing rushed and get the books; that in accordance with this request the prosecuting witness made arrangements for the money required and gave to the accused her check payable to him for the sum of two hundred and eighty-eight dollars, for the special purpose of paying the proceeds thereof to the printing company for publishing the book, and that the accused accepted the check for that purpose, but instead of applying it in accordance with their express understanding, he deposited the check in the Security Trust and Safe Deposit Company to his own account, and subsequently, the same day, paid the printing company eighty-five dollars and misapplied the balance.

[1, 2]  The claim of the accused is that he was a partner of the prosecuting witness in the business of the sale of the book; that the check in question was delivered to him to pay the printing company sixty-five dollars under the terms of the contract with the printing company, which he did and that the balance of the proceeds of the check was spent by him as the partner of the prosecuting witness, in advertising and other expenses necessary to promote their business in placing the book on the market. You have heard the testimony of the parties and their respective claims, and we shall not attempt a detailed statement thereof. We are not permitted to make any comment upon the testimony; the jury being made the exclusive judges of the credibility of the

witnesses and of the weight and value of their testimony. Your duty is to carefully consider all the testimony, and to return a verdict in accordance with the evidence, considered in connection with our charge to you upon the law. When the testimony is conflicting, as in this case, the jury should endeavor to reconcile it. If they cannot do so, they should accept that part of it which they deem worthy of credit and reject that which they deem unworthy of credit, taking into consideration all the testimony adduced and the circumstances surrounding the witnesses respectively, their means of information and opportunity of knowing the facts of which they have testified, their interest or bias, if any, and their manner and apparent truthfulness and fairness in giving their testimony.

[3] The offense charged is purely statutory and is distinct from the crime of larceny, and consists in the unlawful, fraudulent misapplication by one person of another's property in his lawful possession, to his own use and benefit, thereby depriving the true owner thereof without the latter's consent; so that if the property of one is intrusted to the care or disposition of another, and the person in whom the trust is reposed fraudulently misapplies it, instead of applying it to the purpose for which he accepted it, the misapplication constitutes the offense of embezzlement.

[4] It is contended that the accused in the transaction complained of was a partner with the prosecuting witness, and not an agent within the meaning of the statute. If you find from the evidence that the check was not delivered to and received by the accused for a special purpose, but was to be used in paying part only of the printing and the balance to be used in promoting the sale of the book, then the offense charged has not been established, and the accused should be acquitted. If, however, independent of any other relations subsisting between the parties at the time the check was made and delivered to the accused, he accepted it for a special purpose, namely for the purpose of paying the printing company in full of the contract price for printing the book and certain half-tones, and instead of so applying it, he only applied a part thereof, and misapplied the balance, the offense charged has been established; for in order to constitute

Verdict.

the relation of agent within the meaning of the statute, it is not necessary that there should be more than one act authorized, or more than the undertaking of a single transaction, for, or in the name, or on account of the employer. *Foster v. State*, 2 *Penn.* 111.

[5] It is essential that it should be shown to your satisfaction beyond a reasonable doubt that the accused was the agent of the prosecuting witness for the purpose of disposing of the check, or the proceeds thereof, to the Mercantile Printing Company, for, or in the name, or on account of the prosecuting witness, that is, that the latter gave the check to the accused for such special purpose and that the accused did not perform the duty reposed in him.

Verdict, not guilty.